STATE OF NEBRASKA, APPELLEE, v. CHARLEY WASHA, APPELLANT.

177 N. W. 2d 740

Filed June 5, 1970. No. 37493.

Daniel Stubbs, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an appeal from a revocation of probation. Defendant, represented by counsel, pleaded guilty in the district court in and for Box Butte County, Nebraska, on January 27, 1961, to a charge of issuing a check on a bank in which he did not have an account. He was placed on probation for a period of 2 years. He was given permission to leave the state and was, on June 20, 1961, convicted in Maricopa County, Arizona, of passing a bogus check. He was sentenced to serve 5 years on this charge and subsequently received a life sentence in Arizona on conviction of murder in the first degree.

On July 24, 1961, the county attorney of Box Butte County filed a motion and affidavit asking revocation of the order of probation on the ground that the Arizona offenses were a violation of the conditions of defendant's probation. On August 5, 1968, defendant filed a habeas corpus action in the district court claiming that the court had lost jurisdiction of the case because he was given permission to leave the state. The relief requested was the dismissal of a detainer filed with the Arizona authorities. The writ was denied. On January 2, 1969, defendant moved for immediate prosecution on the charge of violation of the order of probation. On March 18, 1969, the Governor of Nebraska made requisition for extradition of defendant on the Governor of Arizona. The Governor of Arizona on August 12, 1969, executed an agreement for defendant's extradition to stand trial on the pending Nebraska charge on condition that defendant should thereafter be returned to Ari-

zona to complete his sentence. On September 2, 1969, defendant appeared in the district court for Box Butte County and counsel was appointed to represent him. Trial was had on October 17, 1969. Defendant was found guilty of violating the order of probation, the order revoked, and he was sentenced to 2 years penal servitude.

Defendant asserts that he is entitled to a dismissal of the Nebraska charge because of a violation of his right to a speedy trial. This contention is based on the case of Smith v. Hooey, 393 U. S. 374, 89 S. Ct. 575, 21 L. Ed. 2d 607 (1969), wherein the court held that the fact a defendant was confined in a federal penitentiary did not excuse a delay in his prosecution on a state charge. The court stated that a speedy trial was required to prevent undue and oppressive incarceration prior to trial; to minimize anxiety and concern accompanying public accusation; and to prevent impairment of the ability of an accused to defend himself. It points out the possibility of prejudice to an accused already in prison on other charges in that it may forfeit the possibility of his receiving a concurrent sentence and may result in longer confinement on the charge for which he has been previously imprisoned. In the present instance it does not appear that defendant has been prejudiced. He was already confined in Arizona and was serving a life sentence from which he could not reasonably expect to have been released after the lapse of only 8 years. He had been convicted of several felonies in the past, as well as the two more recent convictions in Arizona, so would not be greatly concerned with a public accusation. He had already been convicted on the Nebraska check charge and no showing is made that the delay impaired any defense he had to the charge of violating the order of probation. In the present instance, the 2 year sentence imposed was not specifically directed to run concurrently with the Arizona term. In fact, in sentencing defendant to a term in a Nebraska

penal institution, it is difficult to see how it could be made concurrent with one in Arizona as the defendant cannot be in both places at once. Under such circumstances, the Nebraska term commences on termination of the Arizona term. See 24B C. J. S., Criminal Law, § 1996 (6), p. 677. It is therefore apparent that defendant will continue to be subject to a detainer filed with the Arizona authorities and that any chance of having the Nebraska term run concurrently with the Arizona term is and has been nonexistent. Furthermore, the case of Smith v. Hooey, *supra*, holds only that: *"Upon the petitioner's demand,* Texas had a constitutional duty to make a diligent, good-faith effort to bring him before the Harris County court for trial." (Emphasis supplied.) This record discloses that upon defendant's demand, proceedings to bring him to trial in Box Butte County were instituted and trial had within a reasonable time. It is necessary to show prejudice to establish a violation of the Sixth Amendment right to a speedy trial. See, United States ex rel. Solomon v. Mancusi, 412 F. 2d 88 (2d Cir., 1969); United States v. McCorkle, 413 F. 2d 307 (7th Cir., 1969).

It is urged that the proceedings are defective in that they were not commenced within the probationary period. Section 29-2219, R. R. S. 1943, specifically provides that in case of a violation of the probationary conditions, a proper method to seek a revocation of the order of probation is by motion and affidavit and the issuance of a warrant. It further provides that the period during which a probationer remains away from the jurisdiction of the court may be added to the period of probation. No specific order so extending the period of probation was entered in this case, but it does not appear that any order terminating the period of probation and discharging the defendant was ever entered. The motion and affidavit were filed within the 2 year probationary period originally fixed and a warrant was

issued September 2, 1969, within the extended probationary period.

Finally, defendant states the evidence is insufficient to establish the Arizona convictions as a basis for a revocation of probation in that the person convicted in Arizona is not sufficiently identified as being the same person convicted on January 27, 1961, in Box Butte County. The contention is without merit. Defendant was convicted in Box Butte County under the name of "Charlie or Charley Washa." He was convicted in Arizona under the name of "Charles Bud Washa." In the habeas corpus proceeding initiated by defendant, he alleges his conviction in Arizona and uses the name "Charley Washa." The envelope in which he mailed the petition had a return address under the name of "Charley Bud Washa." In his motion for immediate prosecution, defendant used the name "Charley B. Washa" and signed the motion as "Charley Washa." In two letters to the Box Butte County attorney, defendant referred to his conviction in Arizona and the detainer lodged against him and signed his name "Charley Washa." Irrespective of the doctrine of idem sonans, there is ample evidence to justify the finding of the court that "Charley Washa, Charlie Washa, Charley B. Washa and Charles Bud Washa" are one and the same person. No doubt regarding identity can exist. In any. event, defendant's own statements to the court after conviction and prior to sentence are conclusive.

No error appearing, the judgment of the district court is affirmed.

AFFIRMED.