# MORRIS EDWIN ANGLIN, JR. *v.* STATE
# OF MARYLAND

[No. 291, September Term, 1977.]

*Decided December 9, 1977.*

The cause was argued before GILBERT, C. J., and MORTON and MELVIN, JJ.

*Geraldine Kenney Sweeney, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Alexander L. Cummings, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *David Rumsey, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

Following the entering of guilty pleas, appellant was convicted in the Circuit Court for Prince George's County (Woods, J., presiding) of larceny and receiving stolen goods. Concurrent 10 year terms were imposed.

In this appeal it is contended that the trial judge's acceptance of appellant's guilty pleas was a "nullity" because the court had lost jurisdiction as a result of the State's noncompliance with the Intrastate Detainers Act. Maryland Code, art. 27, § 616S.

The record reveals that on November 14, 1974, appellant was convicted in the Circuit Court for Prince George's County of housebreaking, larceny and receiving stolen goods and sentenced to a total of 25 years imprisonment. The convictions were affirmed on direct appeal, *Anglin v. State,* 28 Md. App. 150 (1975), *cert. denied,* 276 Md. 737 (1976).

On September 22, 1976, appellant's petition for post conviction relief was granted and he was awarded a new trial on the convictions. Both parties filed applications with this Court for leave to appeal that decision. On December 1, 1976, we remanded the case to the trial court for findings of fact which were subsequently filed with this Court on January 31, 1977. On February 17, 1977, this Court denied the applications for leave to appeal in an unreported per curiam opinion, *State*

*v. Anglin* and *Anglin v. State,* Post Conviction Docket, No. 125, September Term, 1976, thus leaving undisturbed the trial court's order granting a new trial. The convictions which presently are being appealed were entered on March 3, 1977, pursuant to the new trial order.

At the time appellant was awarded a new trial he was serving a 10 year sentence on an unrelated conviction. The state's attorney filed a detainer against him with the Maryland Penitentiary. Appellant received notice of the detainer on October 27, 1976, and on October 28, 1976, filed his demand for a speedy trial in accordance with the provisions of the Intrastate Detainers Act. The motion was received by the appropriate court and state's attorney's office on November 1, 1976. On February 18, 1977, a hearing was held before Judge Woods on the State's petition to extend the 120 day period within which appellant was required to be given a trial under the terms of the act. Appellant and his counsel participated in the hearing. The State pointed out that the 120 day period expired on February 28, 1977, and that because of the pending post conviction proceedings in this Court, appellant could not be tried within the 120 day period. It turned out that the State learned during the course of the hearing that the post conviction proceedings in this Court had just terminated. The State argued, however, that since the Circuit Court for Prince George's County had no jurisdiction over appellant during at least 110 days of the 120 day period, *i.e.,* the time during which the matter was pending in this Court, "good cause," within the meaning of the act, to grant an extension of the 120 day period was thus demonstrated. The act provides, *inter alia:*

> "For good cause shown in open court, with the prisoner or his counsel present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

Judge Woods, after listening to arguments from both the State and appellant, concluded that the State's request to enlarge the 120 day period was reasonable and scheduled the

trial of appellant for March 3, 1977, on which date the trial was held.

As the State points out, this Court apparently has never been called upon to make an appraisal of what constitutes "good cause" for the granting of a continuance as provided for in the Intrastate Detainers Act.[1] Determining what constitutes "good cause" is, of course, a judgment call and initially it is made by the trial judge before whom the request for a continuance is pending. In this respect, the Court of Appeals has said: "Speaking generally there can be no doubt that the disposition of petitions for a continuance are within the sound discretion of the trial judge and his rulings in this regard will not be disturbed absent an abuse of that discretion." *Hoss v. State,* 266 Md. 136, 144 (1972). It is true that this assertion by the Court was addressed to a case involving the Interstate Agreement on Detainers (Maryland Code, art. 27, §§ 616A-616R). Judge Thompson, however, in speaking for this Court in *Barnes v. State,* 20 Md. App. 262 (1974),[2] declared, at 268: "We find the Intrastate Act and the Interstate Agreement to be identical as to purpose and rationale." Moreover, the Court of Appeals, in *State v. Barnes,* 273 Md. 195, 207 (1974), stated that "[t]he provisions of § 616S were obviously intended to be supplementary to the provisions of the interstate act and being component parts of the same general system they should be construed together to the extent possible." Thus, we have no compunction in looking to cases involving the interstate act for guidance in interpreting what constitutes "good cause" in the intrastate act since the language in each act in this respect is substantially identical.

In *Dennett v. State,* 19 Md. App. 376 (1973), we had occasion to consider what amounted to "good cause" under the terms

---

1. In Gardner v. State, 29 Md. App. 314 (1975), however, we suggested, by way of dicta, that appellant's motion to dismiss the indictment due to the alleged unconstitutionality of the Juvenile Waiver Law, the ruling on which was deferred pending an awaited decision on this issue by the Court of Appeals, might have constituted good cause had the State asserted this position via a request for a § 616S continuance. *See also* Davis v. State, 24 Md. App. 567 (1975).

2. *Affirmed* in State v. Barnes, 273 Md. 195 (1974).

of the interstate act and found, at page 384, "that since the defense requested time for discovery, the court did have adequate reason to delay the trial for a period of 23 days beyond the statutory period" of 180 days. And the Court of Appeals indicated by way of a footnote in *State v. Barnes, supra,* at 211, n. 13, "that the failure to assign counsel as requested by the respondent [indigent accused] may have constituted 'good cause' — within the interval for granting a 'necessary or reasonable continuance.'"

Accordingly, in the absence of bad faith, which we do not find to be present here, we conclude that the pendency of the applications of the State and appellant for post conviction appeal in this Court temporarily deprived the trial court of its jurisdiction over this case and, as such, constituted "good cause" for it to grant a continuance within the meaning of the act.

In reaching this conclusion, we have no intention of deviating from the following admonition to prosecutors which we stated in *Dennett, supra,* at 383:

> "We cannot agree that a general statement that the State was not ready for trial, as opposed for example to a statement that a crucial witness was presently hospitalized, can be considered as good cause."

In the factual posture in which this case reaches us, however, we cannot say that the trial judge abused his discretion in finding that the State had made a showing of "good cause" to extend the 120 day period by a period of 3 days and we cannot say that the 3 day extension constituted an unnecessary or unreasonable continuance under the circumstances.

Finally, we find no merit in appellant's contention that the trial judge's granting of a continuance was legally ineffective because Maryland Code, art. 27, § 591 provides that continuances may be granted "only with the permission of the administrative judge of the court where the matter is pending" and that Judge Woods was not the administrative judge. Aside from the fact that we have held that the provisions of § 591 are directory and not mandatory, *State*

*v. Hunter,* 16 Md. App. 306 (1972), *Young v. State,* 15 Md. App. 707 (1972), § 616S expressly provides that a continuance arising out of an intrastate detainer may be granted by "the court having jurisdiction of the matter." Judge Woods was the presiding judge in the court having jurisdiction of appellant and clearly was empowered to grant the continuance.

> *Judgments affirmed; costs to be paid*
> *by appellant.*