493 A.2d 437

**John Bradford EDGE**

v.

**STATE of Maryland.**

**No. 1465, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

June 12, 1985.

Julia Doyle Bernhardt, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Ann E. Singleton, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, Sandra A. O'Connor, State's Atty., for Baltimore County and Michael A. Pulver, Asst. State's Atty., for Baltimore County, Towson, on brief), for appellee.

Submitted before BISHOP, ADKINS and ROSALYN B. BELL, JJ.

BISHOP, Judge.

In the Circuit Court for Baltimore County John Bradford Edge, appellant, pleaded guilty to one count of storehouse breaking.  On April 6, 1983, Judge Buchanan granted appellant probation before judgment pursuant to Md.Ann.Code, Art. 27, § 641, and placed appellant on probation for three years.  On September 29th the probation agent informed the court that appellant had violated his probation by 1) being arrested for burglary in Baltimore City for which he was later convicted, 2) failing to report to the authorities in Louisiana to which his probation case, by agreement, had been transferred, 3) failing to get permission to change his

address, and 4) failing to pay costs. On October 4, 1983, a bench warrant was issued for appellant.

As a result of the Baltimore City conviction appellant was incarcerated at Maryland Correctional Institute in Hagerstown (hereinafter Hagerstown). Based on his violation of probation, Baltimore County lodged a detainer against appellant. Appellant's request for disposition of the detainer under the Intrastate Act on Detainers, Md.Ann.Code, Art. 27, § 616S was received by the Circuit Court and the State's Attorney's Office in February, 1984. The State's Attorney's Office immediately informed Judge Buchanan of appellant's incarceration in Hagerstown and his request for disposition under the Intrastate Act on Detainers. The State's Attorney's Office requested that if Judge Buchanan decided not to proceed with revocation he should dismiss the bench warrant.

In August, appellant filed a *pro se* motion to dismiss for lack of compliance with the Intrastate Act on Detainers. Upon termination of his sentence in October, 1984, appellant was arrested by Baltimore County Police. At appellant's revocation hearing on November 27, 1984, he renewed his motion to dismiss for lack of a speedy trial and alleged prejudice. Judge Buchanan denied appellant's motion and imposed the three year sentence but suspended all but 14 months and credited appellant with 108 days of incarceration.

Appellant asks:

I. Whether the Intrastate Act on Detainers applies to detainers based on warrants for violation of probation?

II. Whether appellant was denied his due process rights due to the delay of his revocation of probation hearing?

### Intrastate Detainers

§ 616S. Request for Disposition of indictment, etc.; trial or dismissal.

(a) *Policy of State and purpose of section.*—Charges outstanding against a prisoner, and detainers based upon untried indictments, informations, warrants, or com-

plaints, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation, and cause a prisoner serving a term under a detainer to suffer serious disadvantages. Accordingly, it is the policy of this State and the purpose of this section to encourage the expeditious and orderly disposition of these charges and determination of the proper status of any and all detainers based upon untried indictments, informations, warrants, or complaints.

(b) *Request by prisoner; statement from warden having custody.*—Whenever the Division of Correction receives notice of an untried indictment, information, warrant, or complaint against a prisoner serving a sentence in a correctional institution under the jurisdiction of the Division of Correction, or whenever Patuxent Institution receives notice of an untried indictment, information, warrant, or complaint against a prisoner confined at the institution as a defective delinquent or for evaluation, or whenever any county or city jail receives notice of an untried indictment, information, warrant, or complaint against a prisoner serving a sentence in the county or city jail, the prisoner shall be brought to trial within 120 days after he has delivered (1) to the State's attorney of the City of Baltimore or of the county in which the indictment, information, warrant, or complaint is pending and, (2) to the appropriate court, his written request for a final disposition to be made of the indictment, information, warrant, or complaint. For good cause shown in open court, with the prisoner or his counsel present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a statement from the warden, superintendent, director, or city or county law-enforcement officer having custody of the prisoner, setting forth the term of the commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the date of parole eligibility of the prisoner, and

any decisions of the Board of Parole relating to the prisoner.

. . . . .

(e) *Dismissal when indictment, etc., not brought to trial.*—If the untried indictment, information, warrant, or complaint, for which request for disposition is made, is not brought to trial within the time limitation set forth in subsection (b) of this section, the court no longer has jurisdiction, and the untried indictment, information, warrant, or complaint has no further force or effect. In that case, the court upon request of the prisoner or his counsel shall enter an order dismissing the untried indictment without prejudice.

If the Act is applicable to revocation of probation hearings, failure to hold the hearing within 120 days after the request for disposition is delivered to the court or the State's Attorney results in dismissal of the action, unless good cause is shown by the State for a continuance.

The Intrastate Act on Detainers differs from the Interstate Detainer Act in that the former includes "warrants" while the latter does not. Md.Ann.Code Art. 27, § 616S(a) and 616B. While there are certain differences in the statutory language used "[t]he provisions of § 616S were obviously intended to be supplementary to the provisions of the interstate act and being component parts of the same general system they should be construed together to the extent possible. This view is strengthened by the fact that both statutes were enacted on the same day." *State v. Barnes*, 273 Md. 195, 207, 328 A.2d 737 (1974); *State v. Oxendine*, 58 Md.App. 591, 596, 473 A.2d 1311 (1984); *Anglin v. State*, 38 Md.App. 250, 253, 380 A.2d 249 (1977).

In *Clipper v. State*, 295 Md. 303, 455 A.2d 973 (1983) a detainer had been lodged based on a violation of probation under the Interstate Detainer Agreement, Art. 27 § 616A–616R. The Court adopted the view of other jurisdictions that

the detainer involved herein was not based on any "untried indictment, information or complaint"; instead, it was based on a probation violation capias. . . . We interpret the terms "untried" and "complaint," as used in the Compact, as being synonymous with, or at least in the nature of, an untried indictment or information, since some jurisdictions use the term "complaint" in lieu of the terms "indictment" or "information." The term "untried" refers to matters which can be brought to a full trial. In a probation revocation proceeding the trial has already been held, and the defendant has been convicted. In such a hearing, the defendant comes before the court in a completely different posture than he does at his trial before conviction.

295 Md. at 310, 455 A.2d 973, *citing Blackwell v. State,* 546 S.W.2d 828, 829 (Tenn.Crim.App.1976). For purposes of interpreting the intrastate act, § 616S, we adopt the analysis of the interstate act by Judge Cole for the Court in *Clipper,* 295 Md. at pp. 308–9, 455 A.2d 973:

a closer examination of the evils the IAD was intended to address indicates that the most fundamental problem with detainers is not present in the probation revocation setting. . . . the first disadvantage to a prisoner facing an untried complaint is that because he is in custody, he cannot seek witnesses or preserve his defense. In analyzing this issue, other jurisdictions have pointed to the problems inherent in this situation as the primary reasons for the IAD. For instance, in *Suggs v. Hopper,* 234 Ga. 242, 215 S.E.2d 246, 247 (1975), the Georgia court noted that "[t]he purpose of the statute [IAD] is to insure speedy trial on pending charges before staleness and difficulty of proof set in." This purpose would not be served by applying the IAD to the probation revocation situation, which does not involve a complex trial with its attendant dangers if delayed. The probation revocation hearing usually involves a rather limited inquiry by the trial judge, exercising his sound discretion, focusing on whether the defendant has been convicted for another

offense or whether he has failed to comply with a specific condition of probation. The problems of proof, staleness of evidence, and loss of memory caused by time are factors encountered in a trial that may affect due process in criminal prosecutions, but they are not significant concerns in a probation revocation hearing. Although some of the adverse consequences experienced by the prisoner while incarcerated subject to a detainer may be similar, a situation over which this Court has no control, the prisoner's ability to receive a fair hearing by the courts in this State is largely unaffected by delaying his hearing until he is released from a foreign jurisdiction.

The warrant issued in the case *sub judice* was for a revocation of probation hearing. Although the Intrastate Act on Detainers, Art. 27 § 616S, subsection (a) does include the term warrant, it is clear that the issue decided in *Clipper* was that because of its very nature a violation of probation proceeding does not create the problems which the interstate act was passed to solve. Since the intrastate act was passed to solve the same problems within the State of Maryland as the interstate act was passed to solve among the states, the use of the term "warrant" is simply not relevant to the issue. Furthermore, *Clipper* construed the interstate act as applying to charges that would "involve a complex trial with its attendant dangers if delayed" and concluded that a probation revocation hearing does not involve such a proceeding.

The Court in *Barnes* 273 Md. at p. 209, 328 A.2d 737, agreed with this Court's view in *Barnes v. State,* 20 Md. App. 262 at 268, 315 A.2d 117 (1974), that the interstate and intrastate acts are "identical as to purpose and rationale." Based on the foregoing analysis we hold that Art. 27, § 616S like § 616B does not apply to probation revocation proceedings.

Appellant summarizes his second argument:
the length of the delay was of constitutional dimension, *see Brady v. State,* 291 Md. [261] 434 A.2d 574 (1981), the

State offered no justification for the delay, Appellant asserted his right to a speedy disposition, and suffered prejudice. The State knew of Appellant's whereabouts and did not proceed with reasonable diligence. The court erred, therefore, in denying the motion to dismiss.

A hearing for revocation of probation is "neither a trial nor a critical stage of prosecution," *Rassmussen v. State*, 18 Md.App. 443, 449, 306 A.2d 577 (1973). The revocation hearing must not be delayed to the extent that it deprives the probationer of his due process rights. *Boone v. State*, 55 Md.App. 663, 667, 465 A.2d 1195 (1983). The State "must bring about the revocation hearing with due diligence or reasonable promptness so as to avoid prejudice to the defendant." *Id.* at 667, 465 A.2d 1195. *State v. Berry*, 287 Md. 491, 500, 413 A.2d 557 (1980).

Appellant's argument that the less than 14 month delay between October, 1983, the date of the issuance of the warrant and the date of his hearing was of "constitutional dimension" is not relevant anymore than his "speedy disposition" and "prejudice" arguments.[1] The only issue is whether the State proceeded with "due diligence or reasonable promptness so as to avoid prejudice", *Berry*.

■ Appellant's hearing was held within seven weeks after his arrest under the detainer at the time of his release from the Maryland Correctional Institute. The hearing was held within his probationary period. We hold that the State acted with due diligence and reasonable promptness.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.

---

1. Although Judge Buchanan reimposed appellant's original three year term of incarceration in the Division of Corrections, he suspended all but fourteen months of it and ordered that appellant serve this time in the Baltimore County Detention Center, that he be eligible for work release and that he be given credit for one hundred eight days of incarceration.