524 A.2d 505

**COMMONWEALTH of Pennsylvania**

**v.**

**Andre STANCIL, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 2, 1987.

Filed April 13, 1987.

David L. Pallett, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before McEWEN, JOHNSON and WATKINS, JJ.

JOHNSON, Judge:

We are called upon to consider whether a defendant's right to a speedy probation revocation hearing is enjoined where that hearing is held after the expiration of the probationary term and no reasons for a delay in holding the hearing are offered. We also must decide whether counsel was ineffective for failing to object to an unexplained delay in holding a probation revocation hearing. We find that Stancil's right to a speedy revocation hearing was violated and that counsel was ineffective for failing to raise this objection.

On August 28, 1980, Stancil was found guilty of simple assault and recklessly endangering another person. Stancil was subsequently sentenced on November 30, 1980 to two (2) years probation and ordered to pay restitution to the victim in the amount of $359.22. On May 15, 1985 following a violation of probation hearing, Stancil's probation was revoked and a new two (2) years probation imposed. Stancil

was further ordered to make restitution to the victim in the amount of $359.22 to be paid in monthly amounts of $50.00 commencing on August 15, 1985. This timely appeal followed.

The Statement of Questions Involved set forth in appellant's brief presents five issues for our review:

1. Did undue and unreasonable delay result when a violation of probation hearing for failure to pay restitution was not held until five years after conviction and three years after the end of the two year probationary term.

2. Did ineffective assistance of counsel result where counsel representing the defendant at the 1985 violation of probation hearing failed to raise the issue of unreasonable delay in holding said hearing.

3. Did the District Attorney's Office and Probation Department demonstrate a lack of due diligence where said officials failed until after the expiration of the probationary period to request a violation of probation hearing on the alleged failure to pay restitution.

4. Did ineffective assistance of counsel result where counsel representing the defendant at the violation of probation hearing failed to raise the lack of due diligence of county and state officials in requesting a speedy violation of probation hearing.

5. Were the defendant's due process rights under the United States Constitution and the Pennsylvania Constitution violated where:

 (a) a speedy violation of probation hearing was not held; and

 (b) written notice of the claimed violations and of reasons relied upon by the fact finder for the claimed violation were not provided to the defendant.

Stancil, however, fails to address these issues separately in his brief in violation of Pa.R.A.P. 2119(a).[1] Instead of

1. Pa.R.A.P. 2119(a) provides that:
 The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in

addressing each issue separately, appellant under a single argument contends that undue and unreasonable delay resulted where his violation of probation hearing was held three years after the expiration of his probation term. Stancil further argues that prior counsel was ineffective for failing to raise that issue. Despite appellant's failure to strictly comply with Pa.R.A.P. 2119(a), we will address the merits of this appeal. Pa.R.A.P. 105(a).

 Pennsylvania Rules of Criminal Procedure 1409 provides in relevant part:

> Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole.

Pa.R.Crim.P. 1409. While there is no presumptive period in which a defendant's probation must be revoked, revocation hearings must be held with reasonable promptness after a probation officer is chargeable with knowing that probation has been violated. *Commonwealth v. Gochenaur,* 331 Pa.Super. 187, 480 A.2d 307 (1984). In evaluating the reasonableness of the delay in holding a probation hearing we will examine the length of the delay, the reasons for the delay and any prejudice inuring to the defendant as a result of the delay. *Commonwealth v. McCain,* 320 Pa.Super. 394, 467 A.2d 382 (1983).

Here Stancil's probation revocation hearing was held in May, 1985, three years after the expiration of his probationary term. The evidence presented at the revocation proceedings indicates that Stancil never complied with the court's sentence of November 12, 1980 to make restitution to the victim. The reasons given for revoking Stancil's probation were that he never reported to the Probation

distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation as are deemed pertinent.

Department and that he failed to make restitution. Other than the fact that appellant was incarcerated from 1981 until August 1984, no explanation was offered for the delay in holding Stancil's revocation hearing. The trial court even concedes that there was an unnecessary delay in holding appellant's revocation hearing. Opinion, 9/24/86 at 3–4.

▮ Although Appellant does not allege any prejudice from this delay, we have held that in cases where probation revocation hearings are not held until after the expiration of the probationary term, a certain amount of prejudice necessarily follows from the fact of the expiration of that probation. *Commonwealth v. McCain, supra.* Accordingly, we find that Stancil was prejudiced by the delay. In light of the preceding discussion, it is clear that appellant was denied his right to a speedy hearing. With respect to Appellant's claim that counsel was ineffective for failing to assert the delay, we agree.

▮ To evaluate claims of ineffective assistance of counsel we must first determine whether the claim underlying the allegation of ineffectiveness is of arguable merit. If we determine that that underlying claim is of arguable merit, we must then consider whether the course chosen by counsel had some reasonable basis designed to promote defendant's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Finally, in order to prevail, defendant must demonstrate that counsel's defective performance was prejudicial. *Commonwealth v. Clemmons*, 505 Pa. 356, 362, 479 A.2d 955, 958 (1984). The burden of establishing ineffectiveness rests upon the defendant, *Commonwealth v. Floyd*, 506 Pa. 85, 484 A.2d 365 (1984).

Stancil has met his burden of establishing ineffectiveness here. In light of our analysis of the unreasonable delay in holding the revocation hearing, we are convinced that counsel was ineffective for failing to assert that delay at the time of the hearing.

■ In consideration of the circumstances of this case, we are constrained to reverse the order revoking probation and vacate the judgment of sentence. Because the original order of restitution made on November 11, 1980 is still enforceable, we will remand for proceedings to determine Stancil's ability to pay and a schedule of repayment. *Commonwealth v. Mourar*, 349 Pa.Super. 583, 504 A.2d 197 (1986).

Order reversed. Judgment of sentence vacated. Case remanded for proceedings in accordance with this opinion.