IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SWARTZ

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ANTHONEY SWARTZ, APPELLANT.

Filed March 31, 2026.    No. A-25-471.

Appeal from the District Court for Hall County: ANDREW C. BUTLER, Judge. Affirmed.

Anthoney Swartz, pro se.

Michael T. Hilgers, Attorney General, and Erin E. Tangeman for appellee.

MOORE, PIRTLE, and FREEMAN, Judges.

PIRTLE, Judge.

## INTRODUCTION

Anthoney Swartz appeals from the order of the district court for Hall County, which denied his motion for postconviction relief without an evidentiary hearing. For the reasons set forth herein, we affirm.

## BACKGROUND

On October 17, 2017, Swartz was charged by information with two counts of sexual assault in the first degree, Class II felonies. Swartz entered into a plea agreement in which he entered a no contest plea to one count of sexual assault in the first degree and the State dismissed the second count. The court sentenced Swartz to 180 days jail and 60 months' probation, with many additional terms and conditions.

On December 7, 2022, the State filed a motion for revocation of probation, alleging that Swartz violated his conditions of probation by violating the law based on a newly filed case in

Hamilton County, Nebraska. On January 23, 2023, Swartz appeared with counsel and denied the allegations in the motion, and the matter was set for final hearing on March 20. The probation revocation proceedings were continued multiple times due to the pending Hamilton County charges. The hearing was ultimately set for November 27, and Swartz did not appear, as he was in custody outside of Hall County. The State subsequently filed an amended motion for revocation of probation, alleging that Swartz violated his probation by having a new law violation, specifically that Swartz was convicted of first degree sexual assault and first degree false imprisonment on November 15, 2023, in Hamilton County District Court.

On December 6, 2023, Swartz admitted to violating his probation and the matter was set for resentencing. The district court for Hall County revoked Swartz' probation and sentenced Swartz to a term of 30 to 40 years' imprisonment. Swartz appealed, and this court affirmed the Hall County District Court. See *State v. Swartz*, No. A-24-085, 2024 WL 3507337 (Neb. App. July 23, 2024) (selected for posting to court website).

On March 27, 2025, Swartz filed a verified motion for postconviction relief. Swartz assigned that his appellate counsel was ineffective for not raising trial counsel was ineffective in failing to object to the resentencing and in failing to inform the district court that it had lost jurisdiction to impose a new sentence. Swartz alleged that the court's jurisdiction over him concluded on the day his original 5-year term of probation expired. Swartz also alleged that the State failed to diligently pursue the revocation of probation.

On June 9, 2025, the district court denied and dismissed Swartz' motion for postconviction relief. The district court found that Swartz was entitled to no relief based on the claims alleged in the motion for postconviction relief, that the court had jurisdiction over the matter, and that Swartz was procedurally barred from attacking his sentence on the grounds alleged. The court also denied Swartz' motion for an evidentiary hearing and appointment of counsel. The court found that there was no need for an evidentiary hearing and appointment of counsel relating to the motion for postconviction relief as Swartz was not entitled to relief.

Swartz now appeals the district court's order.

## ASSIGNMENTS OF ERROR

Swartz assigns (1) the district court erred in determining the appellate court's direct review of one sentencing issue precludes or procedurally bars consideration of other sentencing issues on postconviction, (2) appellate counsel was ineffective for not raising trial counsel was ineffective in failing to object to resentencing and failing to inform the district court that it no longer had jurisdiction to impose a new sentence, (3) the district court erred in failing to appoint counsel, and (4) the district court erred in denying postconviction relief without an evidentiary hearing.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Cox*, 314 Neb. 104, 989 N.W.2d 65 (2023).

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law, which is reviewed independently of the lower court's ruling. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020).

An appellate court reviews the failure of the district court to provide court-appointed counsel in a postconviction proceeding for an abuse of discretion. *State v. Cox, supra.*

ANALYSIS

*Postconviction Relief.*

Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable. *State v. Cox, supra.* Thus, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Cox, supra.* The district court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution. *State v. Cox, supra.*

However, the allegations in a motion for postconviction relief must be sufficiently specific for the district court to make a preliminary determination as to whether an evidentiary hearing is justified. *Id.* An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *Id.*

Swartz first assigns that the district court erred in determining the appellate court's direct review of one sentencing issue precluded consideration of other sentencing issues on his motion for postconviction relief. This refers to the court's finding that Swartz' sentence was considered by this court on appeal and affirmed. Swartz' allegation in his postconviction motion was "[a]ppellate counse[l] was ineffective for not raising [t]rial counsel was ineffective in not objecting to resentencing and informing the [district] court that it had lost jurisdiction to impose a new sentence." The district court stated that the sentence and the facts surrounding the sentence were considered and simply changing the phrasing was not sufficient to consider an issue already considered on appeal. A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased. *State v. Barber*, 26 Neb. App. 339, 918 N.W.2d 359 (2018).

We conclude that the district court did not err in determining that Swartz's issue in his motion for postconviction relief was precluded as it was or could have been litigated on direct appeal.

*Ineffective Assistance of Appellate Counsel.*

Swartz next assigns, consolidated and restated in his second and fourth assignments of error, that (1) his appellate counsel was ineffective for not raising that trial counsel was ineffective for not objecting to resentencing as the district court lacked jurisdiction when it imposed a new

sentence and that (2) the district court erred in denying his postconviction motion without an evidentiary hearing.

When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel, known as a layered claim of ineffective assistance of counsel, an appellate court will look at whether trial counsel was ineffective under the *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) test; if trial counsel was not ineffective, then defendant was not prejudiced by appellate counsel's failure to raise the issue. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020). Much like claims of ineffective assistance of trial counsel, a defendant claiming ineffective assistance of appellate counsel must show under *Strickland* that (1) his or her counsel's performance was deficient; and (2) this deficient performance actually prejudiced the defendant's defense. *State v. Parnell, supra.*

To show that counsel's performance was "deficient," as required to support a claim of ineffective assistance of counsel, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018). In determining whether trial counsel's performance was deficient, as part of a claim that appellate counsel rendered ineffective assistance due to its failure to raise a claim on appeal of ineffective assistance of trial counsel, courts give trial counsel's acts a strong presumption of reasonableness. *State v. Parnell, supra.*

To show prejudice under the *Strickland* test for ineffective assistance of counsel, an appellant must show that but for counsel's failure to raise the claim, there is a reasonable probability that the outcome would have been different. *State v. Parnell, supra.* The appellant must demonstrate a "reasonable probability" that but for his or her counsel's deficient performance, the result of the proceeding would have been different; a "reasonable probability" does not require that it be more likely than not that the deficient performance altered the outcome of the case but, rather, the defendant must show a probability sufficient to undermine confidence in the outcome. *Id.*

When analyzing a claim of ineffective assistance of appellate counsel, courts usually begin by determining whether appellate counsel failed to bring a claim on appeal that actually prejudiced the defendant. *State v. Johnson*, 298 Neb. 491, 904 N.W.2d 714 (2017). That is, courts begin by assessing the strength of the claim appellate counsel failed to raise. *Id.* Counsel's failure to raise an issue on appeal can be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *Id.*

Swartz contends that his appellate counsel was ineffective for not raising trial counsel was ineffective for failing to object to resentencing and failing to inform the district court that it no longer had jurisdiction to impose a new sentence. Swartz argues the district court lacked jurisdiction over him because the court resentenced him 7 months after his probation term ended and his probation revocation hearing took place 12 months after the State filed its motion to revoke probation. Swartz also argues that the delays in his probation revocation proceedings violated his due process rights.

The district court found that Swartz was attempting to combine principles from speedy trial statutes, the Nebraska Probation Administration Act (the Act), Neb. Rev. Stat. §§ 29-2243 to 29-2269 (Reissue 2016, Cum. Supp. 2022 & Cum. Supp. 2024), and *State v. Simons*, 315 Neb.

- 4 -

415, 996 N.W.2d 607 (2023). The district court concluded that Swartz' argument on this issue was misguided as the court did not lose jurisdiction over Swartz in this case. We agree.

In *State v. Simons, supra*, the Nebraska Supreme Court held that the Act does not authorize an extension of a defendant's original sentence of probation. However, it is well established that a court may impose consequences for a probation violation, including revocation and resentencing or extending the probationary term, after the end of the probationary period, so long as under § 29-2267 and principles of due process, the revocation occurs with reasonable promptness. See *State v. Simons, supra.* Section 29-2267(1) provides:

> [w]henever a motion or information to revoke probation is filed, the probationer shall be entitled to a prompt consideration of such charge by the sentencing court. The court shall not revoke probation or increase the probation requirements imposed on the probationer, except after a hearing upon proper notice where the violation of probation is established by clear and convincing evidence.

It does not follow from this precedent that the probation term is extended after the end of the probationary period until the revocation hearing occurs with reasonable promptness. *State v. Simons, supra.* To the contrary, our precedent regarding the continuing jurisdiction of the court to revoke probation presumes that there has been an "end of the probationary term" and that "the term had ended." *Id.* at 430, 996 N.W.2d at 621. Whether the probationer requests a continuance of the revocation hearing is of no consequence to the court's power pursuant to § 29-2267 to extend or revoke probation once it finds by clear and convincing evidence a violation has occurred. *State v. Simons, supra.* The possible punishment for violating probation is the same. *Id.*

In the instant case, the district court did not extend Swartz' original sentence of probation. The State filed a motion for revocation, which was scheduled for a hearing. Swartz requested several continuances, because he had a criminal matter in Hamilton County to resolve. The charges in Swartz' Hamilton County case were the basis for the State's motion for revocation of probation. The district court granted these continuances, and Swartz could have benefited greatly had his Hamilton County case turned out differently as then there would not have been sufficient evidence to proceed with the motion for revocation of probation. The district court still retained jurisdiction during the continuance requests from both Swartz and the State, and the continuance requests did not prejudice Swartz as he requested most of the continuances and they were granted for his benefit.

After the Hamilton County case was resolved, the district court revoked Swartz' probation, and resentenced him based on the State's timely motion to revoke. Therefore, the district court had jurisdiction to resentence Swartz and his trial counsel was not ineffective for failing to object on those grounds.

Lastly, Swartz' trial counsel was not ineffective for failing to challenge the delay in revocation proceedings. The statutory requirement in § 29-2267 of "prompt consideration" is similar to standards in other jurisdictions, based in statutory language or constitutional due process, which require proceedings to revoke probation to be undertaken with "reasonable promptness" or "due diligence," or with only a "reasonably necessary" delay. *State v. Hernandez*, 273 Neb. 456, 459-60, 730 N.W.2d 96, 99 (2007). Generally, in evaluating the reasonableness of a delay, courts

should consider such factors as the length of the delay, the reasons for the delay, and the prejudice to the defendant resulting from the delay. *Id.*

Swartz argues that while a trial court can grant or deny continuances, it cannot impose a sentence when it violates due process or loses its jurisdiction. Swartz complains that the revocation hearing occurred 7 months after his probation term expired, but the record reflects that this delay was due to his criminal prosecution in Hamilton County, which was the basis of his probation violation. As mentioned previously, the State promptly filed a motion for revocation of probation, which was set for hearing, and the court granted continuances on behalf of the State and Swartz, who had separate criminal proceedings in Hamilton County. Therefore, the court did not lose jurisdiction, violate Swartz' due process rights, or prejudice Swartz by the delay.

As a matter of law, counsel cannot be ineffective for failing to raise a meritless argument to the trial court. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022). And, having found that trial counsel was not ineffective in this context, it follows that appellate counsel was not ineffective for failing to preserve the claim on direct appeal. See *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016).

We conclude that the district court properly denied postconviction relief without an evidentiary hearing as Swartz' appellate and trial counsel were not ineffective.

*Postconviction Counsel.*

Swartz assigns that the district court erred as it failed to appoint counsel for him in this postconviction proceeding.

Under the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et. seq. (Cum Supp. 2024), it is within the discretion of the trial court to decide whether counsel shall be appointed to represent the defendant. *State v. Cox*, 314 Neb. 104, 989 N.W.2d 65 (2023). Where the alleged errors in the postconviction petition before the district court are either procedurally barred or without merit, thus establishing that the postconviction proceeding contained no justiciable issue of law or fact, it is not an abuse of discretion to fail to appoint postconviction counsel for an indigent defendant. *Id.*

Having decided that Swartz' other alleged errors were without merit we therefore conclude the district court did not abuse its discretion when it overruled Swartz' motion to appoint postconviction counsel.

## CONCLUSION

Having determined that each of Swartz' claims did not warrant an evidentiary hearing, we conclude that the district court did not err when it denied Swartz' motion for postconviction relief without an evidentiary hearing. We also conclude that the district court did not abuse its discretion when it denied Swartz' motion to appoint counsel. We therefore affirm the district court's order.

AFFIRMED.