**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Leroy MALSEED, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 2004.

Filed April 5, 2004.

Ari D. Weitzman, Harrisburg, for appellant.

James P. Barker, Asst. Dist. Atty., and Kelly L. Crawford, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before: HUDOCK, STEVENS, and BECK, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Dauphin County on January 8, 2003, following Appellant's negotiated plea of guilty to two counts of indecent assault,[1] two counts of corruption of minors,[2] and endangering the welfare of children.[3] Herein, he contends that the trial court erred in qualifying a member of the Pennsylvania State Sexual Offenders Assessment Board (SOAB) as an expert in the field of sexual offender assessment and treatment, and allowing the expert to testify as such at his hearing. We affirm the judgment of sentence.

¶ 2 The above offenses stemmed from assaults by Appellant against his adoptive daughter that occurred between February 1, 1992 and May 1, 1995, when the victim was seven to eleven years of age. Pursuant to the negotiated agreement, Appellant agreed to an aggregate four and one-half (4½) to nine (9) year term of imprisonment in exchange for his plea. Due to the nature of the offenses, the court ordered the SOAB to assess whether Appellant was a "sexually violent predator" under the Registration of Sexual Offenders Act, 42 Pa. C.S.A. §§ 9791–9799, generally referred to as Megan's Law.

¶ 3 Following an evaluation conducted by Nancy Einsel of the SOAB, Ms. Einsel rendered a determination that Appellant was a "sexually violent predator." Based thereon, the Commonwealth filed a praecipe indicating its intent to prove Appellant's sexually violent predator status before the court. Thereafter, a hearing was held on December 6, 2002, at which the court, following Appellant's objection to Ms. Einsel being qualified as an expert in her field, qualified her as an expert in the field of sexual offender assessment and treatment. At a second hearing held on January 8, 2003, at which the testimony of Ms. Einsel was offered, the court imposed the agreed upon sentence of four and one-half (4½) to nine (9) years imprisonment and determined that Appellant was a "sexually violent predator", thereby subject to the requirements of Megan's Law. *See* N.T. 1/8/03 at 55–59. Appellant filed a post sentence motion, which was denied by the court on May 13, 2003. The present appeal followed.

¶ 4 Appellant presents one question for review:

WHETHER THE LOWER COURT ERRED IN QUALIFYING NANCY EINSEL, A MEMBER OF [SOAB], AS AN EXPERT IN THE FIELD PROFFERED BY THE COMMON-

1. 18 Pa.C.S.A. § 3126(a)(1).

2. 18 Pa.C.S.A. § 6301.

3. 18 Pa.C.S.A. § 4304.

WEALTH'S ATTORNEY WHERE ANOTHER MEMBER OF THE DAUPHIN COUNTY COURT OF COMMON PLEAS BENCH REFUSED TO QUALIFY HER AS AN EXPERT AND BECAUSE EINSEL DID NOT POSSESS ADEQUATE QUALIFICATIONS TO OPINE THE DEFENDANT A SEXUALLY VIOLENT PREDATOR?

Brief of Appellant at 5.

¶ 5 Initially, we note that the qualification of a witness as an expert rests within the sound discretion of the trial court, and the court's determination in this regard will not be disturbed absent an abuse of discretion. *Commonwealth v. Serge*, 837 A.2d 1255 (Pa.Super.2003). As stated by this Court in *Serge:*

> The standard for qualification of an expert witness is a liberal one. The test to be applied when qualifying an expert witness is whether the witness has any reasonable pretension to specialized knowledge on the subject under investigation. *Commonwealth v. Wallace*, 817 A.2d 485 (Pa.Super.2002).... A witness does not need formal education on the subject matter of the testimony, and may be qualified to render an expert opinion based on **training and experience**. *Id.*

*Serge*, 837 A.2d at 1260 (emphasis added).

¶ 6 As to Ms. Einsel's assessment of Appellant as a "sexually violent predator", a "sexually violent predator" is a person who has been convicted of a sexually violent offense and who is determined to be a sexually violent predator under 42 Pa. C.S.A. § 9794 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. 42 Pa.C.S.A. § 9792. Such determination is made by a member of the SOAB following an individual's conviction on a predicate crime and a directive by the court to the SOAB to conduct the assessment. Pursuant to 42 Pa.C.S.A. § 9799.3(a), "The [SOAB] shall be composed of psychiatrists, psychologists and criminal experts, each of whom is an expert in the field of the behavior and treatment of sexual offenders."

¶ 7 In the present case, the trial court addressed Appellant's challenge to Ms. Einsel's expert status, in relevant part, as follows:

> Ms. Einsel is neither a psychiatrist nor a psychologist and therefore, she must qualify in the latter category. We believe she does so qualify.
>
> Ms. Einsel, who has a master's degree in counseling, testified that she had been involved in the treatment and assessment of sexual [criminal] offenders since 1994 and has assessed and treated over 300 individuals in her professional career, including 60 to 65 in the context of a sexually violent predator status evaluation. (N.T. December 6, 2002 at 5–6, 12). She became a member of the [SOAB] in August 2000, which requires all members perform at least 2,000 hours of treatment to offenders prior to joining. (N.T. 6) Ms. Einsel has undertaken sexual offender evaluation and treatment training for eight years in a row. (N.T. 14) In addition, she has certification from Virginia in the field of sexual offender treatment and assessment. She explained that she has no such certification from Pennsylvania since it is not offered here. (N.T. 6) Ms. Einsel has previously been qualified as an expert 12 to 14 times in Dauphin, Chester, Montgomery, Berks, Lebanon and Perry Counties. (N.T. 7)
>
> With regard to her expertise to testify as to whether an offender is or is not a sexually violent predator due to a mental abnormality or personality disorder un-

der Megan's Law II, she indicated that as a certified counselor, she has specific training in the diagnosis of those conditions under the relevant diagnostic manuals, initially DSM–III, now the DSM–IV and DSM–IV TR. (N.T. 8) In addition to her counseling experience, she has taken a post-graduate courses [sic] specifically for the DSM and another for mental abnormalities and personality disorders of the type frequently seen in sexual offenders. (N.T. 10–11)

This testimony revealed that Ms. Einsel was a criminal justice expert with expertise in the field of the behavior and treatment of sexual offenders.

Trial Court Opinion filed 5/13/02 at 4.

¶ 8 As noted above, a trial court's determination regarding the qualification of an individual as a witness will only be reversed upon a showing of an abuse of discretion. *Serge, supra.* Based upon the above-referenced information concerning Ms. Einsel's extensive training and experience in assessing, evaluating, and treating sexual offenders, we find that the court did not abuse its discretion in qualifying Ms. Einsel as an expert in the field of sexual offender assessment and treatment. As to Appellant's contention that, in a previous Dauphin County case, *Commonwealth v. Nunez,* 1871 CR 2001, the court refused to accept Ms. Einsel as an expert in the field of sexual offender assessment, he fails to mention that she was qualified as such in Chester, Montgomery, Berks, Lebanon,

Perry, and Dauphin Counties on approximately twelve (12) to fourteen (14) occasions.[4] *See* N.T. 12/6/02 at 6; *See, e.g., Commonwealth v. Moody,* 2004 WL 260378, 2004 Pa.Super. Lexis 107 (Pa.Super.2004).

¶ 9 Based on the foregoing, we affirm the judgment of sentence.

¶ 10 Affirmed.

---

**4.** The trial court noted that it reviewed the file in *Nunez* and found nothing in the record to indicate the reason for that judge's refusal to recognize Ms. Einsel as an expert. The court, therefore, concluded that there was no basis upon which it could find the *Nunez* ruling persuasive. *See* Trial Court Opinion filed 5/13/03 at 3 n. 3. In addition, as to Appellant's reliance on *Commonwealth v. Santiago,* 822 A.2d 716 (Pa.Super.2003) for the proposition that *Nunez* should serve as the "law of the case," such reliance is misplaced. In *Santia-*

*go,* this Court stated that, "[t]he law of the case doctrine 'refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phase of the matter.' " *Id.* at 723–724 (citation omitted) (emphasis added). In that the trial court's rulings in *Nunez* and the present matter clearly involve different cases, the "law of the case" principles discussed in *Santiago* are inapplicable.