J-S07030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RANDY LEE KEEFER, | |
| Appellant | No. 826 MDA 2014 |

Appeal from the Judgment of Sentence of December 11, 2013
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000757-2012

BEFORE:  BENDER, P.J.E., OLSON AND OTT, JJ.:

MEMORANDUM BY OLSON, J.:                **FILED MARCH 26, 2015**

Appellant, Randy Lee Keefer, appeals from the judgment of sentence entered on December 11, 2013, as made final by the denial of his post-sentence motion on April 10, 2014.  We affirm in part, vacate in part, and remand.

The factual background and relevant procedural history of this case is as follows.  On March 25, 2012, Appellant was pulled over for driving with a suspended license.  When the trooper approached Appellant's vehicle, he recognized that Appellant was under the influence of alcohol.  After Appellant failed field sobriety tests, he was taken to a hospital where one vial of blood was drawn.

On June 1, 2012, Appellant was charged via criminal information with driving under the influence ("DUI") – high rate of alcohol (4th or subsequent

offense),[1] DUI - general impairment (4th or subsequent offense),[2] DUI – while license is suspended,[3] and driving under suspension as a habitual offender.[4] On October 25, 2013, Appellant was found guilty of DUI – high rate of alcohol (4th or subsequent offense), DUI – while license is suspended, and driving under suspension as a habitual offender.

On December 11, 2013, Appellant was sentenced to an aggregate term of 23 to 87 months' imprisonment. Appellant filed a post-sentence motion that same day. On April 10, 2014, the trial court denied Appellant's post-sentence motion. This timely appeal followed.[5]

Appellant presents three issues for our review:

1. [Did t]he trial court err[] when it permitted a lab technician— versed in Chambersburg Hospital protocols and procedures—to opine that a specific conversion factor is generally accepted in the scientific community absent any personal knowledge on the subject[?]

2. [Was there insufficient evidence to prove that Appellant drove under the influence of alcohol?]

---

[1] 75 Pa.C.S.A. § 3802(b).

[2] 75 Pa.C.S.A. § 3802(a).

[3] 75 Pa.C.S.A. § 1543(b)(1.1)(i).

[4] 75 Pa.C.S.A. § 6503.1.

[5] On May 13, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On July 1, 2014, Appellant filed his concise statement. On July 11, 2014, the trial court issued its Rule 1925(a) opinion. All issues raised on appeal were included in Appellant's concise statement.

3. [Did t]he trial court render[] an illegal sentence when it contravened [the] statute and sentenced [Appellant] without an alcohol and drug evaluation[?]

Appellant's Brief at 19, 25, 32.

In his first issue on appeal, Appellant argues that the trial court erred by allowing a lab technician to testify that a certain conversion factor is generally accepted by the scientific community. Appellant's argument makes two separate challenges to the lab technician's testimony. First, he argues that the lab technician should not have been qualified as an expert witness in this field. Second, he argues that even if she were properly qualified as an expert witness, her testimony was inadmissible.

"[Q]ualification of a witness as an expert rests within the sound discretion of the trial court, and the court's determination in this regard will not be disturbed absent an abuse of discretion." *Commonwealth v. Malseed*, 847 A.2d 112, 114 (Pa. Super. 2004), *appeal denied*, 862 A.2d 1254 (Pa. 2004) (citation omitted). "The standard for qualifying an expert witness is a liberal one: the witness need only have a reasonable pretension to specialized knowledge on a subject for which expert testimony is admissible." *Commonwealth v. Kinard*, 95 A.3d 279, 288 (Pa. Super. 2014) (*en banc*) (citation omitted).

The blood test used in this case was not a whole blood test, but rather was a serum test. "The general rule for alcohol-related DUI is that only tests performed on whole blood will sustain a conviction under 75

Pa.C.S.[A.] § 3802. Thus, evidence of blood serum, plasma[,] or supernatant testing, without conversion, will not suffice." ***Commonwealth v. Brugger***, 88 A.3d 1026, 1028 (Pa. Super. 2014) (internal alteration and citation omitted). In this case, the lab technician testified as to what conversion factor was used to arrive at Appellant's blood alcohol concentration ("BAC") and stated that the conversion factor that was used in this case enjoyed general acceptance in the scientific community.

We conclude that the trial court did not abuse its discretion in admitting the lab technician as an expert witness. The lab technician had specialized knowledge in testing blood for alcohol content – the question under investigation. An expert witness may be qualified "by knowledge, skill, experience, training or education." ***Commonwealth v. Pugh***, 101 A.3d 820, 822 (Pa. Super. 2014) (*en banc*), *quoting* Pa.R.Evid. 702. Although the lab technician was only required to have one of these traits in order to be qualified as an expert witness, she possessed all of these traits. The lab technician had knowledge regarding the policies and procedures employed by Chambersburg Hospital in the testing of blood samples for their alcohol content. N.T., 10/25/13, at 130. She was employed as a medical technologist at Chambersburg Hospital for over nine years. ***Id.*** She had performed at least 500 tests on blood specimens for alcohol content. ***Id.*** at 147-148. The lab technician received specialized training in the equipment used to test blood for alcohol content. ***Id.*** at 135-136. Moreover, she had

an associate's degree in medical lab technology and a bachelor's degree in chemistry. *Id.* at 126. Therefore, the trial court did not abuse its discretion by allowing the lab technician to testify as an expert witness.

Second, Appellant contends that, even if the lab technician were properly admitted as an expert witness, the trial court erred by permitting her to testify that the conversion factor is general accepted in the scientific community. Appellant argues that the lab technician had no personal knowledge regarding the conversion factor. "The admission of evidence is committed to the sound discretion of the trial court and our review is for an abuse of discretion." *Commonwealth v. Parker*, 104 A.3d 17, 21 (Pa. Super. 2014) (internal quotation mark and citation omitted).

Appellant's reliance on Pennsylvania Rule of Evidence 602 is misplaced. It ignores the plain language of Pennsylvania Rule of Evidence 703. Rule 703 provides that:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.

Pa.R.Evid. 703. Thus, the lab technician was permitted to base her expert opinion upon facts or data that she became aware of through training, experience, and/or education. She had been made aware of the appropriate conversion factor to be used when converting a BAC for blood serum to a BAC for whole blood. The lab technician testified that she obtained the

conversion factor from a scientific paper published by Dr. J.C. Garriott which she offered as a basis for general acceptance in the scientific community. Thus, her testimony was admissible under Rule 703.

Appellant relies upon **Commonwealth v. Karns**, 50 A.3d 158 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013), while attempting to distinguish **Commonwealth v. Newsome**, 787 A.2d 1045 (Pa. Super. 2001). We conclude, however, that this case is more similar to **Newsome** than it is to **Karns**. The lab technician testified that the conversion factor was placed into the machine in order to covert the blood serum reading into a whole blood reading. The lab technician also described the purpose of the conversion factor, identified its source, identified the conversion factor used, and gave the results. These are all factors present in **Newsome** and not present in **Karns**.

Appellant does not argue that the conversion factor used in this case is not generally accepted, that the wrong conversion factor was used, or that another conversion factor was more appropriate. Instead, Appellant's argument is that the lab technician was too low in the hierarchy of the lab to testify as to the reliability of the conversion factor. This goes to the weight of the lab technician's testimony – not its admissibility. Accordingly, the trial court did not abuse its discretion in admitting the lab technician's testimony.

In his second issue, Appellant contends that the evidence was insufficient to find him guilty of DUI. "Whether sufficient evidence exists to

- 6 -

support the verdict is a question of law; thus, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Patterson***, 91 A.3d 55, 66 (Pa. 2014) (citation omitted). In reviewing a sufficiency of the evidence claim, we must determine "whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Kearney***, 92 A.3d 51, 64 (Pa. Super. 2014), *appeal denied*, 101 A.3d 102 (Pa. 2014) (citation omitted). "Additionally, the evidence at trial need not preclude every possibility of innocence. . . . [T]he fact-finder is free to believe all, part[,] or none of the evidence." ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1038 (Pa. Super. 2014) (citation omitted).

This argument, however, relies upon the assumption that the lab technician's testimony at trial regarding the conversion factor was improper. As noted above, we have concluded that the lab technician's testimony was properly admitted. Accordingly, there was sufficient evidence to convict Appellant of DUI.

In his final issue, Appellant argues that the failure of the trial court to order a drug and alcohol assessment prior to sentencing renders his sentence illegal. The Commonwealth concedes that Appellant's sentence was illegal and that a remand for resentencing is necessary. Whether a sentence is illegal is a pure question of law; therefore, our standard of

review is *de novo* and our scope of review is plenary. ***Commonwealth v. Postie***, 2015 WL 660148, *7 (Pa. Super. Feb. 17, 2015) (citation omitted).

Our Supreme Court recently held that failure to conduct a drug and alcohol assessment, when one is required by 75 Pa.C.S.A. § 3814, renders a sentence illegal. ***Commonwealth v. Taylor***, 104 A.3d 479, 490–493 (Pa. 2014). In this case, Appellant was required to have a drug and alcohol assessment pursuant to 75 Pa.C.S.A. § 3814(2)(i)(A) (requiring a drug and alcohol assessment when the defendant has been convicted of DUI within the past ten years). The trial court failed to order a drug and alcohol assessment prior to sentencing. Accordingly, Appellant's sentence was illegal and we must vacate his sentence and remand for the sole purpose of re-sentencing (after a drug and alcohol assessment is conducted).

Judgment of sentence affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/2015