J-S21012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MATTHEW ROBERT DREIBELBIS :
:
Appellant : No. 1433 MDA 2021

Appeal from the Judgment of Sentence Entered October 3, 2018
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0001304-2017

BEFORE: DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED AUGUST 30, 2022**

Appellant, Matthew Robert Dreibelbis, appeals *nunc pro tunc* from the judgment of sentence entered on October 3, 2018. Appellant challenges the trial court's decision to accept Pennsylvania State Trooper Todd Neumyer as an expert in firearm and tool mark examination. After careful review, we affirm.

On August 11, 2017, Appellant used a revolver to shoot Jeremy Cantolina in the head, killing him. Appellant's subsequent murder trial began on September 24, 2018. Relevant to the instant appeal, the Commonwealth presented trial testimony from Pennsylvania State Troopers Jeffrey Ebeck and Neumyer. Trooper Ebeck testified that Appellant told him where to find the revolver Appellant had used to kill Cantolina. Trooper Neumyer then testified

_____

[*] Retired Senior Judge assigned to the Superior Court.

as an expert in firearm and tool mark examination.[1] He explained that ballistic match testing proved that Appellant's revolver was used to kill Cantolina.[2]

On September 26, 2018, the jury convicted Appellant of First-Degree Murder.[3] On October 3, 2018, the court sentenced Appellant to life without parole. Appellant timely filed a Notice of Appeal but, due to circumstances not relevant here, this Court dismissed Appellant's appeal. On September 27, 2021, following PCRA proceedings, the PCRA court reinstated Appellant's right to file a direct appeal. Appellant then timely filed the instant appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

Appellant's single issue on appeal challenges the trial court's decision to accept Trooper Neumyer as an expert in firearm and tool mark examination. Appellant's Br. at 5. Appellant argues that because Trooper Neumyer admitted that ballistic match testing involves a certain degree of subjective interpretation by the tester, the trial court should not have accepted Trooper Neumyer as an expert. *Id.* at 13-20.

---

[1] Appellant preserved the instant issue by objecting to the trial court's decision to accept Trooper Neumyer as an expert. N.T. Trial, 9/25/18, at 75.

[2] Trooper Neumyer explained that he test-fired two rounds from Appellant's revolver, then used a microscope to compare the marks that the revolver made on those rounds to the marks on the bullet recovered from Cantolina's skull. N.T. Trial, 9/25/18, at 96-97. Trooper Neumyer opined that based on the high degree of similarity between the markings, Appellant's revolver fired all three shots. *Id.* at 107.

[3] 18 Pa.C.S. § 2502(a).

The qualification of a witness as an expert lies within the discretion of the trial court, and we will not disturb the decision absent an abuse of discretion. *Commonwealth v. Malseed*, 847 A.2d 112, 114 (Pa. Super. 2004). "The standard for qualifying an expert witness is a liberal one: the witness need only have a reasonable pretension to specialized knowledge on a subject for which expert testimony is admissible." *Commonwealth v. Kinard*, 95 A.3d 279, 288 (Pa. Super. 2014). Once a witness has qualified to testify as an expert, "the weight to be given such testimony is for the trier of fact to determine." Pa.R.E. 702 cmt. (quoting *Miller v. Brass Rail Tavern, Inc.*, 664 A.2d 525, 528 (Pa. 1995)).

This Court has recognized the general admissibility of ballistic match testing evidence. *Commonwealth v. Whitacre*, 878 A.2d 96, 101 (Pa. Super. 2005). Thus, the controversy before us is whether the trial court abused its discretion in finding that Trooper Neumyer possessed specialized knowledge on firearm and tool mark examination.

During *voir dire*, Trooper Neumyer testified that he has been a firearm and tool mark examiner for over 20 years and has handled approximately 120 to 200 cases per year during that time. N.T. Trial, 9/25/18, at 69, 72. He holds a bachelor's degree in biology and a certificate of achievement in the field of forensics and police sciences, underwent a six-month detailed study of firearms and firearm-related investigation when he joined the Pennsylvania State Police, and spent approximately two years as an understudy to a firearm and tool mark examiner with the state police. *Id.* at 70-71. He continues to

read books, journals, and publications "on the topics of firearms, firearms investigation, and firearm and tool mark examination," and completed "armors training" with several firearm manufacturers. *Id.* at 71. Prior to Appellant's trial, Trooper Neumyer had been qualified as an expert in forensic firearm and tool mark examination in 108 criminal proceedings. *Id.* at 73-74.[4] At the conclusion of qualification questioning, the Commonwealth entered Trooper Neumyer's curriculum vitae into evidence. *Id.* at 73. Based on these qualifications, the trial court accepted Trooper Neumyer as an expert in firearm and tool mark examination. *Id.* at 75.

In addressing Appellant's issue raised in this appeal, the trial court found that it was without merit. Trial Ct. Op., 12/3/18, at 2. The court explained that it accepted Trooper Neumyer as an expert based on evidence of his skill and training. *Id.* Based on our review, we conclude that the trial court properly exercised its discretion.

Trooper Neumyer's extensive experience in firearm and tool mark examination supports the trial court's finding that he possesses specialized knowledge in the field. Since Trooper Neumyer has specialized knowledge about a subject for which this Court has determined expert testimony is

---

[4] This Court has affirmed the admissibility of Trooper Neumyer's expert testimony on ballistic match testing on several occasions. *See Commonwealth v. Jones*, No. 1679 MDA 2017 (Pa. Super. filed Nov. 1, 2018); *Commonwealth v. Walker*, No. 494 MDA 2017 (Pa. Super. filed Feb. 23, 2018); *Commonwealth v. Brooks*, No. 953 MDA 2014 (Pa. Super. filed June 2, 2015).

generally admissible, we discern no abuse of discretion in the trial court's decision to accept Trooper Neumyer as an expert.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/30/2022