J-S32012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LANCE GREEN | : | |
| | : | |
| Appellant | : | No. 1339 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 14, 2021
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0001639-2020

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED JANUARY 06, 2023**

Lance Green appeals from the judgment of sentence imposed following his convictions for three counts of possession of controlled substance contraband by an inmate, two counts each of possession with intent to deliver a controlled substance ("PWID") and possession of a controlled substance, and one count of drug paraphernalia.[1] Green now argues the trial court erred in denying his motion to suppress physical evidence recovered during his arrest pursuant to a probation violation bench warrant filed approximately 4 years after the alleged violation. Green also challenges the sufficiency and weight of the evidence supporting his convictions, as well as the introduction of an expert witness. After careful review, we affirm.

---

[1] 18 Pa.C.S.A. § 5123(a.2); 35 P.S. § 780-113(a)(16), (30), (32).

On August 17, 2020, Green was arrested pursuant to a bench warrant issued based on violations of his probation at trial court docket numbers 1989-2011 and 2049-2011 ("the revocation cases").[2] During Green's intake at the Lackawanna County Prison, corrections officers found marijuana, cocaine, and heroin, which Green had secreted on his person.

Green filed a motion to suppress the physical evidence recovered, arguing that the bench warrant on which he was arrested was untimely filed, and therefore, the stop and arrest based on that warrant was illegal.[3] The trial court conducted a hearing on February 1, 2021, after which the trial court denied Green's motion to suppress.[4]

Following a jury trial, Green was found guilty of the above-mentioned offenses. On September 14, 2021, the trial court sentenced Green to an aggregate term of 90 to 180 months in prison, followed by 7 years of probation. Green filed a "*nunc pro tunc*" post-sentence motion on September 27, 2021. Green did not seek permission to file a *nunc pro tunc* post-sentence motion, nor did the trial court expressly grant permission to do so.

---

[2] We set forth the factual and procedural history underlying the revocation cases in his appeal of that matter, which is docketed in this Court at 1337 and 1338 MDA 2021.

[3] Similarly, Green argued in the revocation cases that his right to a speedy revocation hearing pursuant to Pa.R.Crim.P. 708 had been violated, where the Lackawanna County Probation Department filed the revocation of probation petition approximately 4 years after the violations occurred and approximately 2 years after his supervision expired at No. 1989-2011.

[4] In the same order, the trial court revoked Green's probation on the revocation cases.

Nevertheless, the trial court entered an order directing the Commonwealth to file an answer and scheduling a hearing for October 13, 2021. Green filed a notice of appeal on October 14, 2021, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

The Commonwealth filed with this Court an application to quash the appeal as interlocutory because the trial court had not rendered a decision on Green's post-sentence motion. This Court denied the application to quash without prejudice to the Commonwealth's ability to raise the issue again. The Commonwealth has again raised the issue in its appellate brief. Further, the trial court filed a statement in lieu of a Rule 1925(a) opinion stating Green's notice of appeal was prematurely filed before the resolution of his post-sentence motion. We must therefore address the propriety of Green's appeal before reaching the merits of Green's claims.

In a criminal case, a notice of appeal must normally be filed within 30 days of the imposition of sentence. **See** Pa.R.A.P. 903(a); ***Commonwealth v. Patterson***, 940 A.2d 493, 497 (Pa. Super. 2007). This time period may be extended beyond 30 days if a defendant files a timely post-sentence motion. ***See Commonwealth v. Dreves***, 839 A.2d 1122, 1126-27 (Pa. Super. 2003) (*en banc*) (citing Pa.R.Crim.P. 720(A)(2)); Pa.R.Crim.P. 720(A)(1) (requiring a post-sentence motion to be filed within 10 days after imposition of a sentence). However, an untimely post-sentence motion does not toll the appeal period unless the trial court accepts the motion under its limited

authority to permit a filing *nunc pro tunc*. **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015).

There are two prerequisites to tolling the appeal period through a *nunc pro tunc* post-sentence motion. First, within 30 days after imposition of the sentence, the defendant must submit a request for *nunc pro tunc* consideration by demonstrating sufficient cause for the late filing. **Dreves**, 839 A.2d at 1128. "The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion." **Id.** at 1128-29.

Second, the trial court must expressly grant the defendant's request to file a *nunc pro tunc* post-sentence motion. **See id.** at 1128. We reiterate that the trial court's grant of permission must be express; an "implied" grant is not sufficient. **See id.** at 1129 ("The trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief.").

Here, the trial court sentenced Green on September 14, 2021, and therefore, Green was required to file a post-sentence motion by September 24, 2021. Because Green filed his motion on September 27, 2021, it was untimely under Pa.R.Crim.P. 720(A)(1). Neither the Commonwealth nor the trial court acknowledge the untimeliness of Green's post-sentence motion, and in fact, the trial court conducted a hearing on the motion.

However, our own review confirms that neither requirement for acceptance of a *nunc pro tunc* post-sentence motion has been satisfied in this case. Despite titling his filing a *nunc pro tunc* post-sentence motion, Green

did not demonstrate sufficient cause for the late filing, nor did he request the court's permission to file a *nunc pro tunc* petition. **See Dreves**, 839 A.2d at 1128 ("Merely designating a motion as 'post-sentence motion *nunc pro tunc*' is not enough."). The trial court did not expressly grant Green permission to file a *nunc pro tunc* post-sentence motion. Accordingly, Green's post-sentence motion did not toll the appeal period, and he was required to file his notice of appeal within the 30-day period prescribed by Pa.R.A.P. 903. **See Capaldi**, 112 A.3d at 1245 (concluding that appellant's post-sentence motion did not toll the appeal period, where the trial court "impliedly" granted *nunc pro tunc* relief by holding a hearing and issuing a decision, because the court never expressly granted appellant to file a *nunc pro tunc* motion). Green filed his notice of appeal on October 14, 2021, within 30 days after the imposition of sentence. The instant appeal is therefore timely filed from the judgment of sentence, and we will proceed to the merits of Green's claims.

In his first claim, Green asserts the trial court erred by denying his motion to suppress the physical evidence recovered upon his arrival at the Lackawanna County Prison. **See** Appellant's Brief at 21. Green argues, as he did in the revocation cases, that the Commonwealth's delay in proceeding on the revocation cases violated his right to a speedy revocation hearing. **See id.** at 21, 23-28. According to Green, the evidence should be suppressed as fruit of the poisonous tree because it was discovered only as the result of the bench warrant filed approximately 4 years after the alleged probation violation. **See id.** at 24-28.

Our standard of review for a suppression issue is deferential to the suppression court's findings of fact, but not its conclusions of law:

> In reviewing the denial of a motion to suppress, our responsibility is to determine whether the record supports the suppression court's factual findings and legitimacy of the inferences and legal conclusions drawn from those findings. If the suppression court held for the prosecution, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. When the factual findings of the suppression court are supported by the evidence, the appellate court may reverse if there is an error in the legal conclusions drawn from those factual findings.

*Commonwealth v. Arnold*, 932 A.2d 143, 145 (Pa. Super. 2007) (citation omitted).

The Fourth Amendment to the United States Constitution and Article I, section 8 of the Pennsylvania constitution protect citizens against unreasonable searches and seizures. "A lawful arrest must be supported by probable cause. In determining whether probable cause exists, we examine the totality of the circumstances." *Commonwealth v. Heidelberg*, 267 A.3d 492, 499 (Pa. Super. 2021) (*en banc*) (citations omitted). The existence of a bench warrant for the defendant may supply probable cause to arrest. *See Commonwealth v. Gwynn*, 723 A.2d 143, 149 (Pa. 1998); *Commonwealth v. Cotton*, 740 A.2d 258 (Pa. Super. 1999).

We first recognize that there was a lengthy delay between Green's violation for failure to report and the issuance of a proper bench warrant.

However, Green does not challenge the validity of the 2020 bench warrant beyond the timeliness of its filing. Green makes no allegation that the bench warrant was unsupported by probable cause or that execution of the bench warrant was the result of misconduct. *Cf. Commonwealth v. Torres*, 177 A.3d 263, 276 (Pa. Super. 2017) ("The fruit of the poisonous tree doctrine excludes evidence obtained from, or acquired as a consequence of, lawless official acts." (citation and quotation marks omitted)). Moreover, Green offers no support for his suggestion that the trial court's failure to conduct a speedy revocation hearing, by itself, is sufficient to invalidate the underlying bench warrant. Nor does our own search reveal any authority upon which we may find the delay in holding the revocation hearing renders the underlying bench warrant invalid. Indeed, we observe that under our precedent and criminal rules, a court cannot determine whether it has lost the power to revoke probation or parole until it has held a hearing on the reasonableness of the delay. *See* Pa.R.Crim.P. 708(B)(1) (providing that a court "shall not" revoke a probationary term "unless there has been … a hearing held as speedily as possible at which the defendant is present and represented by counsel[.]"); *Commonwealth v. Woods*, 965 A.2d 1225, 1227 (Pa. Super. 2009) (explaining that a court must evaluate the reasonableness of the delay by considering the length of delay, the reasons for delay, and the prejudice to the defendant resulting from the delay); *see also Commonwealth v. Stancil*, 524 A.2d 505, 506-07 (Pa. Super. 1987) (explaining that "revocation

hearings must be held with reasonable promptness after a probation officer is chargeable with knowing that probation has been violated"). As such, an unreasonable delay does not affect the validity of the arrest warrant; rather, it impacts the power of the court to revoke probation or parole. Therefore, Green is not entitled to relief on this claim.

Next, Green challenges the sufficiency of the evidence presented at trial. Green argues that the Commonwealth failed to establish beyond a reasonable doubt that he is "a person not registered under [the Controlled Substance, Drug, Device and Cosmetic Act]" for purposes of his PWID and possession convictions. **See** Appellant's Brief at 29-30.[5]

We review challenges to the sufficiency of the evidence with great deference to the credibility determinations of the fact finder:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be

---

[5] Green further claims that Corrections Officer Jordan Tratthen and Pennsylvania State Police Trooper Martin McAndrew provided contradictory testimony. Such a claim is properly addressed to the weight, rather than to the sufficiency, of the evidence. **See Commonwealth v. Miller**, 172 A.3d 632, 641 (Pa. Super. 2017). Moreover, Green did not preserve this issue in his Rule 1925(b) concise statement. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement … are waived.").

drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa. Super. 2017) (*en banc*) (citation omitted).

The offenses of PWID and possession both require that the accused is not registered under the Act. **See** 35 P.S. § 780-113(a)(16), (30). However, in direct contradiction to Green's claim, this Court has held that the accused carries the initial burden of providing credible evidence that he is registered under the Act. **See Commonwealth v. Sojourner**, 408 A.2d 1108, 1113 (Pa. Super. 1979); **see also id.** at 1114 ("[W]e find it to be the preferable view, that the accused come forward with some credible evidence of authorization (assuming the government's case-in-chief has not provided such evidence) before the government need negative authorization beyond a reasonable doubt.").

Accordingly, Green bore the burden to provide credible evidence that he was a person registered under the Act or was otherwise authorized to possess the controlled substances. Green fails to identify any evidence that he attempted to establish his registration or authorization under the Act. Instead, in his brief, Green ignores this Court's decision in **Sojourner**, and asserts the

Commonwealth exclusively bore the burden. Green's second claim does not entitle him to relief.

In his third claim, Green argues the verdict was against the weight of the evidence because various Commonwealth witnesses provided inconsistent testimony or were not credible. ***See*** Appellant's Brief at 31-32.[6]

A weight of the evidence claim must be preserved orally prior to sentence, in a written motion before sentencing, or in a timely post-sentence motion. Pa.R.Crim.P. 607(A); ***Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa. Super. 2012). "Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." ***Lofton***, 57 A.3d at 1273.

Here, as we discussed above, Green's post-sentence motion was untimely filed without leave of court. Green's post-sentence motion therefore did not preserve his weight claim for appellate review. ***See Commonwealth v. Wrecks***, 931 A.2d 717, 719 (Pa. Super. 2007) ("An untimely post-sentence motion does not preserve issues for appeal."). Green directs us to no other place in the record where he preserved a weight claim, either orally before the court or through a previously filed written motion, and our own review reveals no prior preservation of this issue. Therefore, Green is not entitled to relief on this claim.

_____

[6] Green's claim is poorly developed. He provides very little argument and offers only one example of inconsistencies in witness testimony. ***See*** Pa.R.A.P. 2119(a) (providing an appellant's argument must include citation and development of relevant authorities).

In his fourth and final claim, Green asserts the trial court erred by qualifying Detective Harold Zech, a detective in Lackawanna County's narcotics unit, as an expert in prison contraband because it would be his first trial testifying in that capacity. **See** Appellant's Brief at 32-34.

We review a trial court's qualification of a witness as an expert for an abuse of discretion. **See Commonwealth v. Malseed**, 847 A.2d 112, 114 (Pa. Super. 2004).

> The standard for qualification of an expert witness is a liberal one. The test to be applied when qualifying an expert witness is whether the witness has any reasonable pretension to specialized knowledge on the subject under investigation. A witness does not need formal education on the subject matter of the testimony, and may be qualified to render an expert opinion based on training and experience.

**Id.** (citations omitted); **see also** Pa.R.E. 702 (setting forth the requirements for qualifying a witness as an expert).

Our review of the record reveals the Commonwealth offered Detective Zech as an expert in possession with intent to deliver and tools of trade. **See** N.T. (Jury Trial), 6/10/21, at 64-65, 66. The Commonwealth did not ask Detective Zech to testify as an expert in prison contraband. **See id.** Detective Zech stated he was not at the prison when Green underwent intake procedures and had no direct involvement in this investigation. **See id.** at 66. Further, our review of Detective Zech's testimony confirms that Detective Zech provided more general testimony concerning common drug packaging and pricing in Lackawanna County, and the relationship between the total quantity

of drugs found on a person and the likelihood that the person intends to deliver the controlled substances. **See id.** at 65-80. Detective Zech offered no specific testimony about a prisoner's possession of controlled substance contraband within a prison. **See id.** We conclude that Green's claim is belied by the record and therefore is without merit.

Based upon the foregoing, we affirm Green's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/06/2023